## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CARMEN I. VEGA, individually, and on
behalf of all others similarly situated,

                    Plaintiff,

    v.

DCM SERVICES, LLC,

                    Defendant.

Civil Action No.
6:20-cv-02186-WWB-EJK

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT WITH MEMORANDUM OF LAW IN SUPPORT

Defendant, DCM Services, LLC ("DCM"), by and through its attorneys, Gordon Rees Scully Mansukhani LLP, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully requests that this Court dismiss Plaintiff's Class Action Complaint with prejudice, and in support thereof, states as follows:

### INTRODUCTION

On November 30, 2020, Plaintiff Carmen I. Vega ("Plaintiff") filed a Class Action Complaint against DCM alleging a single violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA"). *See* Plaintiff's Complaint ("Pl's. Compl."), Dkt. 1. Specifically, Plaintiff alleged that DCM mailed her a collection letter that failed to identify the current

creditor to whom the debt was owed, which Plaintiff asserts is a violation of 15 U.S.C. § 1692g(a)(2). Dkt. 1 at ¶¶ 47-49. That section requires that in a debt collector's initial communication with a consumer (or within five days thereof), the collector must send the consumer a written notice containing "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

On February 1, 2021, Plaintiff filed her First Amended Class Action Complaint, which alleges the same violation of 15 U.S.C. § 1692g(a)(2) but fortifies her allegations regarding damages. Dkt. 24 at ¶¶ 28-35, 53-60. Plaintiff's Amended Complaint alleges that DCM's alleged failure to disclose the identity of the creditor caused her a "concrete and particularized injury-in-fact." *See id.* at ¶¶ 28-35.

Plaintiff's claim fails for three reasons. First, § 1692g(a)(2) does not require that a collector identify the name of the creditor to whom the debt is owed using the term "current creditor," rather it is enough that the letter identify the creditor to whom the debt is owed in a clear fashion. Second, the requirements of § 1692g(a)(2) attach only to a debt collector's initial communication (or one made within five days thereafter) with a consumer; Plaintiff makes no allegation that the letter at issue was such a communication. Third, Plaintiff's asserted damages lack the required allegations of a concrete and particularized and actual or imminent injury

sufficient to obtain Article III standing. For these reasons, DCM respectfully requests that the Court dismiss this action without leave to amend.

## FACTS

At some point, Plaintiff had a Kohl's department store credit card that she used to make purchases for personal and household purposes. Dkt. 24 at ¶¶ 10-11. Plaintiff fell behind on her payments and her debt ("Debt") was eventually placed with DCM for collection. On November 12, 2020, DCM mailed a letter (the "Letter") to Plaintiff attempting to collect the Debt. *Id.* at ¶ 15.[1]

As shown in Plaintiff's complaint, the Letter is presented on DCM letterhead, which includes DCM's logo and address. *Id.* at ¶ 16. A column in the Letter's left hand states:

dcm
services

Creditor:
Capital One N.A.

Original Creditor:
Chase Bank USA N.A.

The Kohl's Credit Card
Account:
******3372

---

[1] A true and accurate redacted copy of the Letter, in the same form as that included as Dkt. 24 at ¶ 16 is attached hereto as **Exhibit A** in its original size.

Reference #:
  ****5274

Current Unpaid Balance:
  $820.31

Dkt. 24 at ¶ 16.

The body of the letter states, in relevant part:

>Dear CARMEN I VEGA:

>Our client, Kohl's Department Stores, Inc., placed this account with our office for collection. The amount you owe is $820.31.

>This company is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Calls may be monitored or recorded.

>Complete the payment slip below and mail it along with a check made payable to DCM Services, LLC. Send your payment in the envelope provided or call us toll free at 1-855-234-1136 to make a payment. Please do not send cash.

*Id.*

Below this appears what is commonly referred to as the "validation notice," setting forth the rights described in 15 U.S.C. 1692g(a)(3)-(5). *Id.* The letter is signed "Respectfully, DCM Services, LLC." *Id.* At the bottom of the letter is a tear-off payment slip addressed to DCM Services. *Id.*

Plaintiff alleges that the Letter "did not conspicuously identify the **current creditor** as required by § 1692g(a)(2) of the FDCPA." *Id.* at ¶ 18. Further, Plaintiff asserts that the "Letter identified 'Capital One, N.A.' as

the 'Creditor' and 'Chase Bank USA N.A.' as the 'Original Creditor' but did not identify the current creditor." *Id.* at ¶ 19. Plaintiff asserts that the Letter left her confused as she was unable to determine whether Kohl's, Capital One or Chase Bank was the current creditor to whom the Debt was owed. *Id.* at ¶¶ 19-21.

Publicly available records establish that Plaintiff's creditor is in fact Capital One N.A.[2] These records were recently examined by the Second Circuit in an FDCPA action, in which the court found that "[v]arious public documents make clear that Capital One, not Kohl's, owns the debt on these [Kohl's Department Stores, Inc. private label credit] cards," and that "Capital One is the 'creditor and issuer' of the [Kohl's] accounts." *Bryan v. Credit Control, LLC*, 954 F.3d 576, 579 (2d Cir. 2020) (citing the Kohls Corp. Feb. 3, 2019 SEC Form 10-K and the Kohl's Cardmember

---

[2] *See* annual report on Securities and Exchange Commission Form 10-K, issued by Kohls Corporation, the publicly-held owned of Kohl's Department Stores, Inc. for the year ending Feb. 3, 2018: https://www.sec.gov/Archives/edgar/data/885639/000156459018006671/kss-10k_20180203.htm#Item_15___Exhibits_and_Financial_Statemen (Attached hereto as **Exhibit B**).

This filing contains a link to Exhibit 10.1, which contains the Private Label Credit Card Agreement dated as of August 11, 2010 by and between Kohl's Department Stores, Inc. and Capital One, National Association (found at https://www.sec.gov/Archives/edgar/data/885639/000119312510204835/dex101.htm). A copy is attached hereto as **Exhibit C**.

Agreement).³ Kohls Corporation's SEC Form 10-K includes a "Private Label Credit Card Program Agreement" between Kohl's and Capital One, dated Aug. 11, 2010, which provides that Capital One National Association shall "extend credit on newly originated and existing Accounts."⁴

Plaintiff asserts that "[**l]argely due** to [DCM's] failure to identify the current creditor, [she] did not make a payment on the subject debt" because the omission of the identity of the current creditor made it impossible for Plaintiff to determine whom she was paying. *Id.* at ¶ 28 (emphasis added). "This uncertainty," Plaintiff alleges, "which was **largely driven** by the confusion pertaining to the owner of the subject debt, **raised the risk** of imminent adverse credit reporting" by the debt's owner, causing Plaintiff anxiety and fear. *Id.* at ¶¶ 29-30 (emphasis added). Plaintiff makes no allegation, however, that DCM engages in credit reporting or that she believed DCM did so. *See id.* Lacking knowledge of the identity of her current creditor, Plaintiff alleges, she "**ran the risk** of making payment to an unknown entity and having her payment swallowed into a black hole." *Id.* at ¶ 32 (emphasis added). Despite these fears, Plaintiff does not allege that she utilized the rights disclosed in the Letter to dispute the debt,

---

³ As discussed more fully below, the Court may take judicial notice of the Kohls Corporation SEC filing as a public record.
⁴ *See* Exhibit C, Section 4.3, "Certain Responsibilities of Bank."

request verification or request the name and address of the original creditor. *See id.* at ¶¶ 16, 28-30. Instead, Plaintiff chose to suffer in silence. *See id.* at ¶¶ 28-30.

## **LEGAL STANDARD**

### **A. Federal Rule of Civil Procedure 12(b)(6)**

To survive a motion to dismiss, a complaint must 'state a claim to relief that is plausible on its face,' meaning it must contain 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1297 (11th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although a court is generally required to consider all well-pled facts in the light most favorable to the complainant, "conclusory allegations . . . are not entitled to an assumption of truth-legal conclusions must be supported by factual allegations." *Miljkovic*, 791 F.3d at 1297 (quoting *Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010)); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that pleadings that offer only "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do").

Rather, a complaint must contain "[f]actual allegations [that] raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requires that plaintiffs state facts sufficient to "nudge[] their claims across the line from conceivable to plausible." *Id.* at 570. Mere "naked assertion . . . without some further factual enhancement stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 555 (internal citation omitted). "Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

In considering a motion to dismiss, a district court may consider exhibits to the motion "if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id.* Accordingly, this Court is allowed to consider exhibits attached to the Amended Complaint as well as exhibits attached to a defendant's answer or motion to dismiss. *Id.* (citing Fed. R. Civ. P. 10(c)). A court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading favor of general or conclusory allegations. Indeed, when the exhibits contradict the general

or conclusory allegations of the pleading, the exhibits govern." *Griffin Indus. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

In addition, a court considering a motion to dismiss "may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Fleitas v. Clayton & McCulloh, P.A.*, No. 6:18-cv-1854-ORL-28LRH, 2019 WL 4479803, at *1 (M.D. Fla. Sept. 18, 2019); Fed. R. Evid. 201(b) (a court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Fed. R. Evid. 201(c) (a court "must take judicial notice if a party requests it and the court is supplied with the necessary information").

Accordingly, the 11th Circuit has held that a district court is "authorized to take judicial notice of public documents filed according to SEC regulations for the purpose of determining what statements the documents contain." *Bryant v. Dupree*, 252 F.3d 1161, 1165 n.1 (11th Cir. 2001). Further, the Court may take judicial notice of other court proceedings that are publically available without converting a motion to dismiss to one for summary judgment or comply with the notice requirements of Rule 56(c). *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. App'x 52, 53-54 (11th Cir. 2006).

**B. Federal Rule of Civil Procedure 12(b)(1)**

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). A motion challenging subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may be either "facial" or "factual." *Cabrera v. Dynamic Recovery Solutions, LLC*, No. 8:18-cv-2900-T-35TGW, 2019 WL 4411875, at *1 (M.D. Fla. Aug. 14, 2019) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). "'Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (quoting *Lawrence*, 919 F.2d at 1529). A factual attack is based on evidence extrinsic to the pleadings such as testimony or affidavits. *Wein v. St. Lucia Co., Fla.*, 461 F.Supp.2d 1261, 1263 (S.D. Fla. 2006). The Plaintiff bears the burden of establishing standing:

> The party invoking federal jurisdiction bears the burden of establishing its existence. First and foremost, there must be alleged an injury in fact—a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. An interest unrelated to injury in fact is insufficient to give a plaintiff standing. Thus, a plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint.

> Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

*Cabrera*, 2019 WL 4411875, at * 1 (quoting *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)).

In the context of an FDCPA action, "confusion over a collection letter, without more, is 'insufficient to confer standing.'" *Wright v. AR Res., Inc.*, No. 8:20-cv-985-T-33CPT, 2020 WL 7047804, at *3 (M.D. Fla. Dec. 1, 2020) (quoting *Cooper v. Atl. Credit & Fin. Inc.*, 822 F. App'x 951, 954 (11th Cir. 2020)).

## C. Least Sophisticated Consumer Standard of the Fair Debt Collection Practices Act

The Eleventh Circuit applies the objective "least-sophisticated consumer" standard to determine if a communication violates Section 1692g of the FDCPA. *Owens-Benniefield v. BSI Fin. Servs.*, 806 Fed. Appx. 853, 856 (11th Cir. 2020) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010)). Thus, the inquiry is not whether the plaintiff was deceived or misled; rather, "'the question is whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct.'" *Green v. Specialized Loan Servicing LLC*, 766 Fed. App'x. 777, 781 (11th Cir. 2019) (quoting *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014)). The least sophisticated consumer is presumed to "possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* (quoting *LeBlanc*, 601 F.3d at

1194). "The test assumes that a communication is read in its entirety, carefully and with some elementary level of understanding." *Muller v. Midland Funding, LLC*, No. 14-CV-81117-KAM, 2015 WL 2412361, at \*4 (S.D. Fla. May 20, 2015) (internal quotation marks and citation omitted). Further, "the least sophisticated consumer is neither irrational nor a dolt." *Anselmi v. Shendell & Assocs., P.A.*, No. 12-61599-CIV, 2015 WL 11121357, at \*3 (S.D. Fla. Jan. 7, 2015) (*quoting Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 Fed. Appx. 89, 95 (2d Cir. 2012)).

## ARGUMENT

### I.   JUDGMENT IN FAVOR OF DCM IS APPROPRIATE BECAUSE PLAINTIFF'S FDCPA CLAIM FAILS AS A MATTER OF LAW.

To state a claim under the FDCPA, a plaintiff must prove that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d. 1361, 1366 (M.D. Fla. 2003). For purposes of this motion, only the third prong is at issue.

Plaintiff's claim fails as a matter of law for three reasons: First, the Letter properly identifies the creditor to whom the debt was owed as required under 15 U.S.C. § 1692g(a)(2). Second, Plaintiff has failed to plead that the

letter at issue was an initial communication or a communication made within five days thereof, an essential element of the claim Plaintiff attempts to assert. Third, Plaintiff has failed to allege to have suffered a concrete and particularized injury such that she lacks Article III standing.

### A. The Letter Clearly Discloses the Name of the Creditor to Whom the Debt was Owed

Plaintiff fails to state a claim under § 1692g(a)(2) for the simple reason that the Letter identifies the creditor in a manner pellucid to even the least sophisticated consumer. Section 1692g(a) requires that debt collectors make certain disclosures when sending an initial communication to a consumer in connection with the collection of an account, including the disclosure of "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2) "[T]he notice should be clear enough that a naïve consumer comes away from the notice understanding the identity of the creditor." *Leonard v. Zwicker & Assocs., P.C.*, 713 F. App'x 879, 883 (11th Cir. 2017) (citing *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012)). Thus, "[t]o satisfy § 1692g(a), the debt collector's notice must state the required information clearly enough that the recipient is likely to understand it." *Id.* at 882. Here, in text prominently displayed in a column on the left side, under DCM's logo, the Letter states "Creditor: Capital One N.A." Under that, the Letter identifies the original creditor, "Chase Bank USA N.A." and, finally, the name

and last four digits of the account funded by the creditor, "Kohl's Credit Card Account: *****3372." Nothing further is required to identify the current creditor to even a naïve consumer.

Despite Plaintiff's allegations, a debt collector is not obligated to identify any entity as the "current creditor." Dkt. No. 24 at ¶ 18 (alleging that § 1692g(a)(2) requires conspicuous identification of "the **current creditor")**. To the contrary, a collector need only disclose the "name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). Although the difference would normally be matter of semantics, Plaintiff appears to imply that some entity must be identified as the "current creditor," something that the statute does not require. *Id.* In the Letter, the entities that Plaintiff identifies as potential entities to whom the debt may be owed are Capital One N.A., Chase Bank USA N.A. or Kohl's Department Stores, Inc. Dkt. No. 24 at ¶ 21. Chase Bank, however, is identified as the "Original Creditor." Ex. A. Given that another entity, Capital One is identified as the "Creditor," this clearly implies that although Chase was once the creditor, it no longer is.

These facts are easily distinguished from those presented in *Steffek v. Client Servs., Inc.*, a Seventh Circuit case upon which Plaintiff relies for support of her claim. *Id.* at ¶ 59. In that matter, the court considered an initial collection letter that attempted to identify the creditor to whom the debt was

owed by stating "RE: CHASE BANK USA, N.A." and providing the last four digits of the Chase Bank account number. *Steffek v. Client Servs., Inc.*, 948 F.3d 761, 763 (7th Cir. 2020). The court, observing that mandatory disclosures such as the name of the creditor must be presented in a way "that they would be clearly understood by unsophisticated consumers," concluded that the identity of Chase Bank as the plaintiffs' creditor had not been clearly conveyed, "leaving the matter to guesswork." *Id.* at 764-766. "The mere presence of the correct name in the notice somewhere does not suffice." *Id.* at 765. DCM, however, avoided this pitfall by identifying Capital One, N.A., as Plaintiff's "Creditor." Dkt. 24 at ¶ 16. No other entities are identified by that moniker, leaving no room for guesswork as to the identity of the creditor to whom the debt was owed. As DCM clearly conveyed the creditor's identity, no claim may lie under 15 U.S.C. § 1692g(a)(2).

To the extent Plaintiff suspected that Kohl's was the creditor to whom the debt was owed, the Letter dispels that belief as well. Plaintiff acknowledges that she did hold and use a Kohl's credit card to make purchases, demonstrating that she was familiar with her Kohl's account. *See* Dkt. No. 1 at ¶¶ 10-12. Even the least sophisticated consumer "does not start each day anew with no memory of the last; instead he [or she] has a 'reasonable knowledge of his [or her] account's history.'" *Lait v. Med. Data*

*Sys., Inc.*, No. 1:17-cv-378-WKW, 2018 WL 1990513, at *5 (M.D. Ala. Apr. 26, 2018) (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 646 (7th Cir. 2009)). In addition, the Letter provides the last four digits of Plaintiff's Kohl's account number to allow her to verify that the Debt is in fact from her Kohl's store brand credit account. *See* Ex. A. The Letter then resolves any confusion regarding the identity of that creditor, between Kohl's and Capital One, by identifying the "creditor" as Capital One. *Id.*

Finally, the Letter dispels any believe that Plaintiff may have had that DCM was her creditor by notifying her of its role in the matter: "This company is a debt collector attempting to collect a debt," not the creditor. Dkt. 24 at ¶ 16. "Given that 'the debt collector is obviously the agent of the creditor,' as opposed to the creditor itself, there is no argument to be had that the least sophisticated consumer would think [her] creditor was" the debt collector. *Lait v. Med. Data Sys., Inc.*, 755 Fed. App'x 913, 916 (11th Cir. 2018) (quoting *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1304 (11th Cir. 2014)). Through the Letter's straightforward, yet detailed disclosure of the identity of creditor, the original creditor, and the store brand card upon which DCM sought to collect, even the least sophisticated consumer would realize what debt is at issue and the identity of the identity of the creditor to whom the Debt is owed. *See id.* Section 1692g(a)(2) requires nothing more.

### B.     Plaintiff Fails to Assert Facts Sufficient to show that the Letter Must Satisfy the Requirements of § 1692g(a)

As Plaintiff fails to allege that the Letter is subject to the requirements of § 1692g(a), Plaintiff has failed to assert an essential element of her claim. Section 1692g(a)(2) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing ... the name of the creditor to whom the debt is owed.

15 U.S.C. § 1692g(a)(2); *see also Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1272 (11th Cir. 2016) (the protections of § 1692g are triggered when a debt collector makes an "initial communication" with a consumer). Plaintiff makes no allegation as to whether the Letter was DCM's first, second or fifth communication with Plaintiff or whether the Letter was sent to Plaintiff within five days after DCM's initial communication with her. *See* Dkt. No. 1 at ¶¶ 10-28 (factual allegations making no representation regarding whether the Letter was the initial communication with Plaintiff or one made within five days thereof). *See Adams v. Homeward Residential, Inc.*, No. CV 13-0329-WS-B, 2014 WL 12573389, at *3 fn.4 (S.D. Ala. June 25, 2014) (court dismissed the plaintiff's § 1692g claim where pleading failed to allege specific facts supporting a plausible inference that collector violated

§ 1692g(a)(4) by failing to note the "in writing" requirement in the collector's "initial communication.").

Further, if the Letter at issue was not the initial communication, or a communication made within five days thereof, DCM was not obligated to remind Plaintiff of her rights under § 1692g in any later communications. *Weiss v. Zwicker & Assocs., P.C.*, 664 F.Supp.2d 214, 217 (E.D.N.Y. 2009) (no obligation to remind debtor of § 1692g rights in subsequent communications). As Plaintiff has failed to plausibly allege that the Letter was in fact subject to the requirements of § 1692g(a)(2), Plaintiff has failed to state a claim such that her complaint must be dismissed.

## C.   Plaintiff Suffered No Concrete and Imminent Injury and thus Lacks Article III Standing

Plaintiff has suffered no injury in fact and therefore lacks standing to bring this action. The Constitution limits federal courts to the adjudication of "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Gardner v. Mutz*, 962 F.3d 1329, 1338 (11th Cir. 2020) (quoting *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc)). Standing "is 'an essential and unchanging part of the case-or-controversy requirement.'" *Gardner*, 962 F.3d at 1338 (quoting *Lewis*, 944 F.3d at 1296). To have standing, a plaintiff must have: (1) suffered an injury in fact "that is both (a) 'concrete and particularized' and (b) 'actual or imminent, not conjectural or

hypothetical'"; (2) "a 'causal connection' between the plaintiff's injury and the challenged action of the defendant'; and (3) a 'likelihood, not merely speculation, that a favorable judgment will redress the injury.'" *Id.* (internal punctuation omitted) (quoting *Lewis*, 944 F.3d at 1296). An "injury in fact" is both "concrete and particularized." *Spokeo,* 136 S. Ct. at 1548)). To be concrete, an injury "must be *de facto"* and be "real, not abstract." *Spokeo v. Robbins*, 136 S. Ct. 1540, 1548 (2016); *Gardner*, 962 F.3d at 1341. In the present case, Plaintiff lacks standing because she has suffered no concrete or imminent injury.

The Eleventh Circuit recently addressed the question of whether an alleged FDCPA violation alone gave rise to a concrete injury. *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000-05 (11th Cir. 2020). In *Trichell*, two plaintiffs alleged that debt collectors violated the FDCPA when they offered payment plans on time-barred debts, but did not take the collectors up on the offer. *Id.* at 995, 997. Instead, the plaintiffs sued, alleging that the collection letters they received were misleading and thus violated FDCPA. *Id.* at 995.

A violation of the FDCPA does not automatically give rise to standing. As the *Trichell* court held, "'concrete' injuries cannot be merely 'intangible' and the plaintiffs in an FDCPA case must establish 'reliance and ensuing

damages.'" *Rivas v. Midland Funding, LLC*, No. 19-13383, 2021 WL 271983, at \*2 (11th Cir. Jan. 27, 2021) (quoting *Trichell*, 964 F.3d at 997-1000). The *Trichell* plaintiffs alleged to have suffered an "informational injury," arising from "an alleged right under the FDCPA to receive truthful communications from debt collectors." *Id.* (quoting *Trichell*, 964 F.3d at 1003). The *Trichell* plaintiffs did not allege, however, that they had suffered any "adverse effects." *Trichell*, 964 F.3d at 1000. For instance, the plaintiffs did not allege that they "made any payments in response to the defendants' letters–or even that [they] wasted time or money in determining whether to do so." *Id.* at 997. These intangible injuries, the court concluded, presented "neither the risk of injury nor the informational injury" sufficient to confer standing. *Id.* at 1000.

The Eleventh Circuit has also held that allegations of hypothetical future injury arising from an allegedly unclear collection letter are insufficient to convey standing. In *Cooper v. Alt. Credit & Fin. Inc.*, the court evaluated  alleged violations of §§ 1692g and 1692f (which bars the use of unfair or unconscionable means to collect a debt). *Cooper v. Atl. Credit & Fin. Inc.*, 822 Fed. App'x 951, 955 (11th Cir. 2020). Rejecting the plaintiff's assertion that having been left "confused about her statutory rights to dispute the debt and seek validation" gave rise to standing, the Eleventh

Circuit concluded that the plaintiff's alleged injuries were merely conjectural or hypothetical, because the she did not allege any actual harms arose from her confusion. *Id.* The alleged injuries were thus "insufficient to establish that [the plaintiff] had standing to bring her claim." *Id.* at 954.

Plaintiff, having suffered no concrete harm or risk of imminent harm, attempts to plead around this issue by claiming that it was "[l]argely due to [DCM's] failure to identify the current creditor" that she did not pay her debt, and that her uncertainty as to the identity of the creditor "raised the risk of imminent adverse credit reporting," causing her anxiety and fear. Dkt. 24 at ¶¶ 28-30. These assertions, however, are insufficient to satisfy the required assertion of imminent harm. "No small risk of injury would satisfy the Article III requirement of imminence." *Trichell*, 964 F.3d at 1001 n.4 (citing *clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409-14 (2013)). "An action creating a small risk of injury cannot support Article III standing on the theory that the risk, although not 'substantial in itself,' is 'substantially *increased*' from zero." *Id.* Plaintiff fails to allege anything more than hypothetical harm in asserting that she feared that her failure to pay could result in adverse credit reporting. Plaintiff has failed to allege the invasion of a protected interest that is both "concrete and particularized and actual or imminent, not conjectural or hypothetical," and therefore lacks Article III standing to assert

her claim. *Id.* at 996 (quoting *Defs. of Wildlife*, 504 U.S. at 560-61) (internal quotation marks omitted).

Plaintiff suffers from another challenge to her standing as well—all her purported injuries arise from her failure to take action to dispel her confusion. Presented with the Letter, which clearly spelled out Plaintiff's right to request verification of the debt or the name and address of the original creditor, if different from the current creditor, Plaintiff took no action whatsoever. *See* Dkt. 24 at ¶¶ 16-27. Plaintiff does not allege that she made any payment that was "swallowed into a black hole" (Dkt. 24 at ¶ 32) or even that she wasted time or money in determining whether to make payment. *See Trichell*, 964 F.3d at 997 (no tangible injury where plaintiffs neither made payments or expended time or money determining whether to make payment).

Plaintiff's choice not to exercise her right to request further information and to instead run the risk of the debt accurately being reported to the consumer reporting agencies cannot give rise to standing.[5] A plaintiff "may not establish Article III standing where it injures itself." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2014 WL 320303, at *6 (S.D. Fla. Jan.

---

[5] As Plaintiff makes no allegation that DCM engages in credit reporting, her asserted fear of credit reporting is even more speculative than it otherwise could be.

29, 2014)(citing *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1152 (2013)). As self-harm cannot give rise to Article III standing, this action must be dismissed.

## II.   THIS ACTION SHOULD BE DISMISSED WITH PREJUDICE

Although leave to amend is generally freely granted, "leave to amend need not be granted when any amendment would be futile." *Mathis v. Allied Interstate LLC*, No. 8:20-cv-591-T-33SPF, 2020 WL 3064297, at * 5 (M.D. Fla. June 9, 2020) (citing *Silberman v. Miami Dada Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019)). Accepting the allegations of Plaintiff's Amended Complaint as true and construing them in the light most favorable to Plaintiff, her single claim fails as a matter of law. Plaintiff's creditor is prominently identified and she cannot conjure new allegations of injury sufficient to satisfy Article III. Therefore, leave to amend would be futile.

## <u>CONCLUSION</u>

As the Letter clearly identifies Plaintiff's creditor, Plaintiff failed to allege all facts necessary to state a claim under § 1692g(a)(2) and Plaintiff has suffered no concrete and imminent injury not caused by her own lack of action, Plaintiff has failed to state a claim. Therefore, DCM respectfully requests that the Court dismiss Plaintiff's Amended Complaint with

prejudice and award such other and further relief as the Court deems just and equitable.

## **<u>RULE 3.01(g) CERTIFICATION</u>**

Counsel for DCM Services, LLC conferred with counsel for Plaintiff in a good faith effort to resolve the issues raised in this motion without the need for Court intervention; however the parties were not able to reach an agreement. Counsel for Plaintiff does not object to DCM Services, LLC filing this motion.

*THIS SPACE LEFT INTENTIONALLY BLANK.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 24, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 601148
(630) 575-8181
Email:  ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

GORDON REES SCULLY MANSUKHANI

s/Chantel C. Wonder
Chantel C. Wonder, Esquire
Florida Bar No.: 0087601
Primary: cwonder@grsm.com
Secondary:kstubbs@grsm.com
Secondary: kwarrington@grsm.com
601 S. Harbour Island Blvd., Suite 109
Tampa, FL 33602
Telephone (Main): 813-444-9700
Telephone (Direct): 813-523-4937
Facsimile: 813-377-3505
*Counsel for Defendant,*
*DCM SERVICES, LLC*

1227600/56022092v.1

-25-